UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-185-JBC**

**TERRY HALL,**                                                                                          **PLAINTIFF,**

**V.**                       **MEMORANDUM OPINION AND ORDER**

**MLS NATIONAL MEDICAL EVALUATIONS, INC., et. al.**         **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion for partial summary judgment (DE 41). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I.**     **Background**

The plaintiff, Terry Hall, originally filed this action against MLS National Medical Evaluations, Inc. ("NME"), alleging that NME interfered with the receipt of his long-term disability benefits by altering the report of an independent medical evaluation ("IME"). During discovery, Hall learned that NME was not a registered corporation, and that other interrelated businesses – all of which are owned and controlled by Anthony and Joseph Schimizzi – may have interfered with his benefits. These businesses include MLS National Medical Evaluation Services, Inc. ("NMES") and Medicolegal Services, Inc. ("Medicolegal"). Accordingly, Hall joined NMES, Medicolegal, and the Schimizzis as defendants.

The defendants argue that there is no entity called NME and that any reference to such an entity is solely attributable to a clerical error on the part of

NMES. Indeed, they claim that NMES was the only entity that acted regarding Hall's IME. Therefore, they conclude that NMES is the only proper party-defendant.[1]

Although Hall agrees that NMES is a proper party-defendant, he argues that NME, Medicolegal, and the Schimizzis are also liable. First, Hall argues that NME is a non-incorporated entity; that the Schimizzis transacted business through this entity; and that as principals of NME, the Schimizzis are personally liable for NME's torts. Second, Hall argues that the Schimizzis are also personally liable because they personally participated in the alteration of his IME and in the transmission of the altered IME. Third, Hall argues that Medicolegal and the Schimizzis are alter egos of NMES; therefore, he concludes that it is appropriate to pierce the corporate veil separating these parties.

## II.    Standard of Review

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). A principal purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* A judge is not to

---

[1] Although the defendants argue that NMES was the only party that acted with regard to the IME, they do not concede that NMES is a tortfeasor.

"weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A genuine issue exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Browning*, 283 F.3d at 769 (quoting *Anderson*, 477 U.S. at 252).

**III.    Analysis**

A.    *NME's Status and the Schimizzis' Individual Liability*

The defendants claim that any reference to NME is the result of a clerical error by NMES, and they argue that NME should not be treated as a separate, non-incorporated entity based on this "innocuous misnomer" alone.  (DE 41 at 7.) Accordingly, they conclude that neither NME nor the Schimizzis, as the alleged principals of NME, should face liability for NMES's actions.

In contrast, Hall argues that NME should be treated as a separate non-incorporated entity.  To support this argument, Hall claims that NME has its own letterhead and its own checks.  Hall also claims that in deposition testimony, Joseph Schimizzi referred solely and exclusively to NME rather than NMES and claimed to be an officer of NME.[2]   Hall also claims that NME is not a registered corporation.  Therefore, he concludes that NME should be treated as a separate, non-incorporated entity, and he further concludes that the Schimizzis, as the

---

[2] Hall contends that Joseph Schimizzi could not have been inadvertently referring to NMES in this deposition testimony because Anthony Schimizzi, rather than Joseph Schimizzi, is the only listed officer of NMES.

3

alleged principals of NME, should face liability for its actions.  These allegations present questions of fact for the jury.  If the jury believes Hall's claim that he was contacted by NME rather than NMES, and if the jury believes Hall's specific allegations about NME and the Schimizzis' role as NME's alleged principals, then NME and the Schimizzis may be liable.  *Soberg v. Sanders*, 220 N.W. 781, 782 (Mich. 1928); *see also Calvey v. United States*, 448 F.2d 177, 180 (6th Cir. 1971) (stating that a partner may be "individually liable for damages arising from partnership torts" even if "the partner individually had no responsibility").

The defendants also claim that "[n]either of the Schimizzis took any personal actions in this matter[,]" and they argue that Hall's complaint fails to allege that either individual defendant had any personal role in the preparation of the allegedly altered IME.  (DE 48 at 5.)  In contrast, Hall claims that Joseph Schimizzi was personally involved in the alteration of the IME because the record reflects repeated correspondence between the doctor who conducted Hall's initial medical evaluation and someone named "Joe" at NMES.[3]  (DE 46 at 8.)  These allegations also present questions of fact for the jury.  If the jury believes these allegations, then the Schimizzis may be personally liable for their alleged individual actions.  *Smith v. Isaacs*, 777 S.W.2d 912, 913 (Ky. 1989) (stating that the protection from

---

[3] Hall also claims that Anthony Schimizzi was personally involved in the transfer of the allegedly fraudulent IME, although this claim is not based on specific factual allegations but rather on the general theory that as the "sole officer and director" of NMES, Anthony Schimizzi was "responsible for the supervision of his employees" and their actions on behalf of the corporation.  (DE 46 at 7.)

vicarious liability of corporate shareholders and the protection from contractual liability of corporate officers "have nothing whatsoever to do with personal liability in tort for misfeasance"); *see also Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th Cir. 1989) (stating that a "corporate official may be held personally liable for tortious conduct committed by him, though committed primarily for the benefit of the corporation").

Accordingly, NME and the Schimizzis are not entitled to summary judgment.

B.   Piercing the Corporate Veil

Under certain circumstances, the court may use its equitable power to pierce the corporate veil. *White v. Winchester Land Dev. Corp.*, 584 S.W.2d 56, 61-62 (Ky. Ct. App. 1979). However, this should be done "reluctantly and cautiously," and only in those circumstances where failure to disregard the corporate entity would sanction a fraud and prevent the plaintiff from obtaining meaningful relief. *Id*. at 62. In deciding whether to pierce the veil, the court should consider the following factors: "(1) undercapitalization; (2) a failure to observe the formalities of corporate existence; (3) nonpayment or overpayment of dividends; (4) a siphoning off of funds by the dominant shareholders; and (5) the majority of shareholders having guaranteed corporate liabilities in their individual capacities." *Id.*

Hall argues that veil piercing is appropriate in this case because the defendants are alter egos of each other. In support of this position, Hall claims that Medicolegal, NME, and NMES have the same phone and fax numbers, and that Dr.

5

Templin – the doctor who performed the IME – was instructed to send his bill to Medicolegal's address rather than NMES's address. In addition, he claims that "MLS National Medical Evaluation Services" was an assumed name of Medicolegal. These claims present genuine and material issues of fact on Hall's veil-piercing claim; therefore, Medicolegal is not entitled to summary judgment. Accordingly,

**IT IS ORDERED** that the defendants' motion for partial summary judgment (DE 41) is **DENIED**.

Signed on October 5, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY