UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 05-185-JBC

TERRY HALL, PLAINTIFF,

V.         **MEMORANDUM OPINION AND ORDER**

MLS NATIONAL MEDICAL
EVALUATIONS, INC., et. al., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion to dismiss (DE 106) filed by James Templin, M.D., a third-party defendant in this matter. The court, having reviewed the record and being otherwise advised, will grant the motion to dismiss.

**I.   BACKGROUND**

On July 19, 2006, the defendants moved for leave to file a third-party complaint against Dr. Templin (DE 51), which has given rise to this motion to dismiss. The court granted the defendants' motion, and the defendants filed their third-party complaint against Dr. Templin on August 4, 2006. In this third-party complaint, the defendants claim that the original plaintiff's injuries, if any, "were actually caused by the negligence of Dr. Templin and Wausau[,]" another third-party defendant. (DE 54 at 2.) Therefore, the defendants argue that they are entitled to "apportionment against Dr. Templin and Wausau[,]" pursuant to Kentucky Revised Statute § 411.182. *Id.* at 3. In the alternative, the defendants argue if the plaintiff is successful, they "are entitled to indemnification from . . . Dr.

Templin, in such amount as a jury may determine." *Id.*

## II.     STANDARD OF REVIEW

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper where the movant establishes beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing the motion, the court considers the pleadings in the light most favorable to the plaintiff, and the factual allegations in the complaint are assumed to be true. *Jones v. Carlisle*, 3 F.3d 945, 947 (1993).

## III.    ANALYSIS

Although "it is common practice for tort defendants to file third-party complaints seeking 'indemnity and/or contribution,' these two concepts represent separate and distinct remedies which have different historical origins and are applicable to completely different fact situations." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 778 (Ky. 2000). To alleviate any possible confusion, the court will briefly survey the meaning of the terms apportionment, contribution, and indemnity before analyzing the parties' substantive claims.

According to Black's Law Dictionary, "apportionment of liability" is an umbrella term for "the parceling out of liability for an injury among multiple tortfeasors, and possibly the plaintiff as well." In Kentucky, "apportionment of liability arose from statutory provisions permitting contribution and several liability

2

among joint tortfeasors in pari delicto." *Degener*, 27 S.W.3d at 780. "It has no application to the common law right of a constructively or secondarily liable party to total indemnity from the primarily liable party with whom he/she is not in pari delicto." *Id.*

Contribution, under Kentucky law, is the specific "right of one who has discharged a common liability to recover of another also liable the aliquot portion which he ought to pay or bear." *St. Lewis v. Morrison*, 50 F. Supp. 570, 572 (W.D. Ky. 1943). "The right of contribution of one tortfeasor against his co-wrongdoer is statutory[,]" and "the right exists where there [is] concurring or combined negligence causing the same injury." *Elpers v. Kimbel*, 366 S.W.2d 157, 161 (Ky. 1963). Because contribution claims often require the "apportionment of causation between or among joint tortfeasors" on a pro rata basis, the right of contribution has been discussed by at least some Kentucky courts as "contribution and apportionment." *E.g.*, *Degener*, 27 S.W.3d at 778-780.

Indemnity, on the other hand, "is simply the repayment to one party by another party who caused the loss, of such amounts the first party was compelled to pay." *Liberty Mut. Ins. Co. v. Louisville & Nashville R.R. Co.*, 455 S.W.2d 537, 541 (Ky. 1970). "Unlike the right to contribution, the right to indemnity is of common law origin and is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." *Degener*, 27 S.W.3d at 780. Kentucky courts have held that both statutory contribution and

common-law indemnity require underlying liability by a third-party defendant to an original claimant. *Thompson v. The Budd Co.*, 199 F.3d 799, 806-07 (6th Cir. 1999) (citing, inter alia, *Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 253 (Ky. 1995), and *Poole Truck Line, Inc. v. Commonwealth*, 892 S.W.2d 611, 614 (Ky. Ct. App. 1995)).

In their third-party complaint against Dr. Templin, the defendants have asserted claims for "indemnity" as well as a claim for "apportionment" pursuant to Kentucky Revised Statute § 411.182. (DE 54 at 2.) Dr. Templin now argues that the apportionment claim should be dismissed because "[a]pportionment is not a 'claim' under Kentucky law"; nevertheless, given the defendants' express reliance on a Kentucky statute, the court will briefly discuss this claim before considering both parties' arguments about the defendants' indemnity claim.

### A.   The Defendants' "Apportionment" Claim

In *Hilen v. Hays*, 673 S.W.2d 713 (Ky. 1984), the Kentucky Supreme Court held that a contributorily negligent plaintiff could recover so much of his or her total damages as correlated with the percentage of causation attributable to the defendants. This holding set the stage for a series of opinions culminating in *Dix & Associates Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24 (Ky. 1990), which held that "liability among joint tortfeasors in negligence cases is no longer joint and several, but is several only; and because the liability is several, it is necessary to apportion a specific share of the total liability" to each tortfeasor. *Degener*, 27

4

S.W.3d at 779.  The statute cited by the defendants for their contribution claim, Kentucky Revised Statute § 411.182, "'is simply a codification of this common law evolution of the procedure for determining the respective liabilities of joint tortfeasors,' whether joined in the original complaint or by third-party complaint."[1] *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 802-03 (Ky. 2005) (quoting *Degener*, 27 S.W.3d at 779).

"If there is an active assertion of a claim against joint tortfeasors, and the evidence is sufficient to submit the issue of liability to each, an apportionment instruction is required." *Floyd v. Carlisle Construction Co.*, 758 S.W.2d 430, 432 (Ky. 1988) (emphasis omitted).  However, "[f]ault may not be properly allocated to a party . . . unless the court or the jury first finds that the party was at fault; otherwise, the party has no fault to allocate." *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 471 n.5 (Ky. 2001) (citing, inter alia, Ky. Rev. Stat. § 411.182).  In other words, § 411.182 provides a right to an apportionment interrogatory or finding where underlying substantive fault exists, but it does not provide a substantive cause of action itself.  Therefore, as Dr. Templin correctly concludes, the only independent claim in the defendants' third-party complaint is

---

[1] Specifically, § 411.182(1) provides that "[i]n all tort actions . . . involving fault of more than one (1) party to the action, including third-party defendants . . ., the court, unless otherwise agreed by all parties, shall instruct the jury" to find both "[t]he amount of damages each claimant would be entitled to recover if contributory fault is disregarded" as well as "[t]he percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, [or] third-party defendant . . . ."

the indemnity claim.

### B. The Defendants' Claim for Indemnity

Under Kentucky law, cases permitting recovery based on indemnity principles "'are exceptions to the general rule, and are based on principles of equity.'" *Degener*, 27 S.W.3d at 780 (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934)); *see also Thompson v. The Budd Co.*, 199 F.3d 799, 806 (6th Cir. 1999) (analyzing *Crime Fighters Patrol v. Hiles*, 740 S.W.2d 936 (Ky. 1987), and concluding that "*Crime Fighters* brought the common law right of indemnity into fuller relief by looking to the equitable principle of restitution"). Such equitable exceptions are reserved for "'two classes of cases'": first, for those cases in which "'the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant'"; and second, for those cases in which "'both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.'" *Degener*, 27 S.W.3d at 780 (quoting *Louisville Ry.*, 77 S.W.2d at 39). In other words, "[w]here one of two parties does an act or creates a hazard and" a second party, "while not concurrently joining in the act, is, nevertheless thereby exposed to liability . . ., the party who was the *active wrongdoer* or *primarily negligent* can be compelled to make good to the other any loss he sustained." *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165, 167

6

(Ky. 1949).

There is no dispute that the original plaintiff's remaining claims against the defendants are all based on the alleged intentional conduct of the defendants.[2] Thus, in order for the plaintiff to recover (thereby raising indemnity as a possible issue), the plaintiff must establish that the defendants intentionally interfered with his contractual relations, committed fraudulent misrepresentation, or acted in bad faith. Based on the nature of these remaining intentional torts, Dr. Templin argues that if the defendants are found liable on one or all of the plaintiff's remaining theories, they will not be able to recover under an indemnity theory. More specifically, Dr. Templin points out that even if he were also found to be at fault based on similar intentional conduct, such a finding would only place his conduct on a level equivalent to the defendants' intentional, and therefore *active* conduct, in which case the recovery on indemnity grounds would still be barred. *Cf. Degener*, 27 S.W.3d at 780 (holding that indemnity is only "available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto"). In other words, because a finding that the defendants are liable will

---

[2] In its memorandum opinion and order of August 15, 2006, the court granted the defendants' motion for summary judgment in part, preserving only the plaintiff's claims against the defendants for intentional interference with contractual relations, fraudulent misrepresentation, and bad faith. *See* DE 56. Furthermore, in response to the defendants' motion for leave to file this third-party complaint, the plaintiff confirmed that all of his remaining claims against the defendants involved their intentional conduct. *See, e.g.*, DE 52 at 3 (stating that the plaintiff's theory is "that Defendants, and Defendants alone, are responsible for the damage . . . . [and] if the conduct of [the defendants] is found to be as alleged, certainly it is an intentional conduct").

involve a finding that they were intentionally, and therefore *actively*, at fault, and because recovery on indemnity grounds under Kentucky law is only available *against* a party "who was the *active wrongdoer*[,]" *see Brown Hotel*, 224 S.W.2d at 167, as a matter of law, the defendants will not be able to show that they are entitled to recover on indemnity grounds from Dr. Templin as the primary or active wrongdoer.

In response, the defendants have argued only that judgment for Dr. Templin is inappropriate because, if the plaintiff's suit is successful, "a jury could also reasonably find that the intentional acts and omissions of Dr. Templin *and* [the] alleged acts of [the defendants] both caused the injury." *E.g.*, DE 107-1 at 4.  This response is based on an incorrect interpretation of Dr. Templin's argument.  *Even if* a jury could reasonably find that the plaintiff's alleged injuries were caused by the intentional acts and omissions of *both* Dr. Templin *and* the defendants, the defendants would still be unable to recover from Dr. Templin on indemnity grounds *as a matter of law* because the very nature of the plaintiff's intentional tort claims would preclude them from showing that Dr. Templin was the active wrongdoer and they merely passive accomplices or bystanders.  Accordingly,

**IT IS ORDERED** that the third-party defendant/cross claimant's motion to dismiss (DE 106) is **GRANTED**.

Signed on May 7, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY