UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 05-185-JBC

TERRY HALL, PLAINTIFF

V.

MLS NATIONAL MEDICAL
 EVALUATIONS, INC., ET AL., DEFENDANTS/
THIRD PARTY PLAINTIFFS

V.

JAMES TEMPLIN, M.D., and
WAUSAU BENEFITS, INC., THIRD PARTY DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

**I. INTRODUCTION**

On April 1, 2005, plaintiff Terry Hall filed this action in Fayette Circuit Court (Civil Action No. 05-CI-1486) against defendant MLS National Medical Evaluations, Inc. (hereafter "MLS"), alleging that the conduct of MLS had resulted in the unwarranted termination of his ERISA benefits. Specifically, plaintiff asserts that MLS provided his ERISA administrator with a materially-altered and falsified report of an independent medical evaluation by Dr. James W. Templin and that due to this falsified report, his ERISA administrator terminated his long-term disability benefits. Plaintiff also claims that once he brought this matter to the attention of his ERISA administrator, *viz.,* that his ERISA benefits had been wrongfully terminated, his ERISA benefits were reinstated.

Plaintiff's claims against defendant MLS are for intentional and improper interference with his existing and prospective contractual relationship, for outrageous conduct, for fraudulent misrepresentation, for concealment and nondisclosure, for negligent misrepresentation, for bad faith,

for violations of Kentucky's Fraudulent Insurance Act, and for injunctive relief. Plaintiff seeks compensatory and punitive damages.

On May 10, 2005, defendant MLS removed this action from Fayette Circuit Court, pursuant to 28 U.S.C. § 1332.

Subsequently, plaintiff amended his complaint, naming additional defendants herein. On August 4, 2006, defendants filed a third party complaint against third-party defendants James Templin, M.D., and Wausau Benefits, Inc.

This matter is before the court on plaintiff's motion to compel discovery from the defendants. This motion has been fully briefed and is ripe for review.

Pursuant to numerical ¶ 5 of the district court's Scheduling Order entered herein on October 11, 2005, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #11].

## II. PLAINTIFF'S MOTION TO COMPEL

Plaintiff has moved to compel defendants to answer Interrogatory No. 1. As grounds for this motion, plaintiff asserts that defendants should be required to supplement their answer to Interrogatory No. 1 by providing him with the requested information for the following two reasons: (1) this cause of action stems from a medical record (the report of plaintiff's IME) that was apparently altered either by MLS or by an independent contractor employed by MLS, and (2) MLS acknowledged in its Rule 30(b)(6) deposition that it had made no inquiry as to how this medical record in question was apparently altered or could have been altered. For these same reasons, plaintiff contends that he is also entitled to discover from MLS the identity of those individuals who transcribed medical records in the capacity as independent contractors for MLS in December 2003 and January 2004 who may have transcribed the medical record at issue.

Defendants objects to plaintiff's motion to compel, arguing that plaintiff has provided no reasonable, relevant basis for the additional disclosure of the names or identities of their employees. Defendants assert that the employees with any knowledge or role in preparing Mr. Hall's report have been identified and deposed by the plaintiff. Consequently, defendants contend that there can be

no relevant purpose to plaintiff's obtaining the identities of any additional employees. In short, defendants assert that this request by the plaintiff is nothing more than a fishing expedition for the purposes of harassment or intimidation of the defendants, which should not be permitted. In support of their argument, defendants rely on Steinbach v. Credigy Receivables, Inc., an action filed in the Eastern District of Kentucky identified as Civil Action No. 05-114-JBC, and in particular an Order entered on April 14, 2006, as to how the court should resolve the present discovery dispute herein.

### Discussion/Analysis

At the outset, in considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ."

The interrogatory at issue and defendants' answer thereto are set out below:

**Interrogatory No. 1**: The Defendants are requested to identify by (a) name (b) last known address all employees or former employees who worked at any time during 2004 through 2006 for any Defendant. State the last known address and telephone number for all such former employees.

Answer: Object. The Defendants object to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence. Without waiving this objection, the Defendants state that answers [to] previous interrogatories and FRCP 26(a)(1) disclosures have identified all employees with any information about the facts and circumstances of this case.

This case concerns two different versions of an IME report of the plaintiff that was dictated by the IME examiner, Dr. James Templin. Dr. Templin first prepared his own report by dictating same and having it transcribed by one of his employees in his office. Subsequently, Dr. Templin then dictated the report that had been transcribed in-house by one of his employees to the free transcription service offered by defendant MLS. Then, Dr. Templin's dictated report was

3

transcribed either by an employee of MLS or one of its independent contract transcribers and was submitted, after having been transcribed[1], by MLS to Wausau.

Assuming the truthfulness of plaintiff's claim that the version of Dr. Templin's medical report that was submitted to Wausau was materially altered from the version of the report as originally prepared in Dr. Templin's office, the identity of the person who transcribed the report that Dr. Templin dictated to the free transcription service provided by MLS is a key link in determining how Dr. Templin's report was altered.

In an effort to determine the identity the person who is identified as "td" on the altered report, and also the transcriptionist of the altered report, plaintiff noticed a 30(b)(6) deposition of the defendants. In response to the 30(b)(6) notice, the defendants tendered Joseph Schimizzi as the designated corporate representative to testify regarding these matters. However, when asked the identity of the transcriptionist, Mr. Schimizzi testified as follows:

> Question: Have you made any inquiry to determine who the transcriptionist of the Exhibit 1 to the complaint is?
>
> Answer: No.
>
> Question: The initials Td are indicated on MLS 17. And I'm referring to Exhibit 7. If you can give me that back. Do you have anybody that works in your transcriptionist department with those initials?
>
> Answer: No.

Mr. Schimizzi also testified that the defendants transcribed some of their dictation "in-house" by their own employees and that they also outsourced some of their dictation. Specifically, he stated that the defendants used "a lot of people directly out of their homes as contract laborers," and that they had records of the payables of these individual contract laborers. See Joseph Schimizzi deposition, p. 25.

---

[1] The version of Dr. Templin's IME report that was submitted to Wausau reflected that "JT" was the dictator and that "td" was the transcriber.

4

Thus, despite plaintiff's Rule 30(b)(6) deposition notice and plaintiff's notice that he intended to take the deposition of the person identified as "td," at the conclusion of the Rule 30(b)(6) deposition, it appears that the defendants expended little, if any, effort in attempting to determine the identity of the transcriptionist identified as "td" so that plaintiff can depose this person. To say the least, the defendants have not been very cooperative in assisting plaintiff in his discovery efforts.

The Magistrate Judge is unpersuaded by defendants' argument that plaintiff has provided no reasonable basis for the additional disclosure of the names or identities of their employees and that by making this request, plaintiff is on nothing more than a fishing expedition for the purposes of harassment or intimidation of the defendants. On the contrary, plaintiff has made a narrow request to the defendants seeking the names, addresses, and telephone numbers of defendants' employees for a limited period of time from 2004 to 2006. The scope of this discovery request is reasonable under the circumstances. Defendants' reliance on Steinbach v. Credigy Receivables, Inc., an action filed in the Eastern District of Kentucky identified as Civil Action No. 05-114-JBC, and in particular an Order entered on April 14, 2006, is misplaced as that case is factually distinguishable from the present action.

For all of the foregoing reasons, the Magistrate Judge concludes that plaintiff's motion to compel defendants to answer Interrogatory No. 1 should be granted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel defendants to answer Interrogatory No. 1 [DE #122 ] is **GRANTED**.

2. Defendants are given ten (10) days from the date of this Order in which to supplement their answer to Interrogatory No. 1 by providing plaintiff with the following information:

a. the names, last known addresses, and telephone numbers of all employees or former employees who were employed by them at any time during 2004 through 2006; and,

      b.  the names, addresses, and telephone numbers of any independent contractors who performed transcription services for the defendants during December 2003 and January 2004.

This 9th day of January, 2008.

Signed By:
*James B. Todd*
United States Magistrate Judge